**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

UNIVERSITY OF CINCINNATI,

Plaintiff,

v.

BRENDAN SORSBY,

Defendant.

Case No. 1:26-CV-200

Judge Michael R. Barrett

**ORDER**

This matter is before the Court on Defendant Brendan Sorsby's Motion to Dismiss for Failure to State a Claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 7). Defendant University of Cincinnati ("UC") has responded in opposition. (Doc. 8).

According to UC, "[t]his is a breach of contract action in which [it] seeks to enforce its rights under a name, image, and likeness ("NIL") agreement between [UC] and Sorsby, its former starting quarterback." (Doc. 1, PageID 1). Sorsby, however, alleges that UC "filed this action to garner a news headline that it was going to punish a former star athlete who dares to exercise his right to leave the school." (Doc. 7, PageID 26). To that end, Sorsby contends that UC's claim for liquidated damages constitutes an unreasonable penalty and is therefore "invalid as a matter of law." (*Id.*).

In reviewing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations that "raise a right to relief above the speculative level," such that the claim "is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

Both parties appear to agree that the liquidated damages clause at issue is governed by the test laid out in *Samson Sales, Inc. v. Honeywell, Inc.*:

> Where the parties have agreed on the amount of damages, ascertained by estimation and adjustment, and have expressed this agreement in clear and unambiguous terms, the amount so fixed should be treated as liquidated damages and not as a penalty, if the damages would be (1) uncertain as to amount and difficult of proof, and if (2) the contract as a whole is not so manifestly unconscionable, unreasonable, and disproportionate in amount as to justify the conclusion that it does not express the true intention of the parties, and if (3) the contract is consistent with the conclusion that it was the intention of the parties that damages in the amount stated should follow the breach thereof.

465 N.E.2d 392, 394 (Ohio 1984) (quoting *Jones v. Stevens*, 146 N.E. 894 (Ohio 1925)).

"Whether a provision is for liquidated damages or is a penalty is a question of law." *In re Leatherland Corp.*, 302 B.R. 250, 260 (Bankr. N.D. Ohio 2003). A penalty may be distinguishable by its lack of proportionality to the damages that flow from a breach of contract. *See id.* In other words, a liquidated damages clause "provides for a party that *breaches* a contract to pay damages in an amount agreed upon by the parties," whereas "a punitive remedy, which is not enforceable, exists where a liquidated damages clause 'subjects the *breaching* party to a liability disproportionate to the damage which could have been anticipated from breach of the contract.'" *Carl Raston Ins. Agency, Inc. v. Nationwide Mut. Ins. Co.*, No. 23336, 2007-Ohio-507, ¶ 12 (9th Dist.) (quoting *Lake Ridge Academy v. Carney*, 613 N.E.2d 183, 188 (Ohio 1993)).

Critically, this fact-intensive inquiry requires consideration of, *inter alia*, "what the parties knew at the time the contract was formed" and whether "the provision was reasonable at the time of formation and it bears a reasonable . . . relation to actual damages." *In re Graham Square*, 126 F.3d 823, 829 (6th Cir. 1997). The question before the Court now is whether an analysis of the liquidated damages provision under the controlling test is appropriate at the pleading stage. It is not. *See, e.g.*, *Carmen v. Health Carousel, LLC*, 2021 U.S. Dist. LEXIS 113324, at *31 (S.D. Ohio June 17, 2021) (finding that dismissal was inappropriate and discovery was warranted because, "under Ohio law, the answer to that question depends heavily on the facts surrounding a given contract.").

As it stands, UC plausibly alleges that Sorsby breached the contract between the parties. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). Therefore, the Motion to Dismiss, (Doc. 7), is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
Michael R. Barrett
United States District Judge